UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG ANDERSON,

    Plaintiff

vs.                                   Case No. 2:16-cv-11036
                                     Hon. Robert H. Cleland

HAMBURG TOWNSHIP,

    Defendant

| | |
|---|---|
| CRAIG ANDERSON (P28968) | JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C. |
| Plaintiff, In Pro Per | TIMOTHY S. WILHELM (P67675) |
| 5320 Edgelake Drive | Attorneys for Defendant |
| Pinckney, MI 48169 | 27555 W. Twelve Mile Road, Suite 250 |
| (313) 310-5102 | Farmington Hills, MI 48331 |
| ca9361@gmail.com | (248) 489-4100 |
| | twilhelm@jrsjlaw.com |

## **CONSENT JUDGMENT**

Upon Stipulation and Consent of the Parties to the above-captioned case, this Court finds:

A.    Plaintiff Craig Anderson ("Plaintiff") is the owner and occupant of the parcel of real property located at 5320 Edgelake Road, Pinckney, Michigan (Tax Parcel ID 15-27-101-001)("Property"), more fully described in the attached **_Exhibit A_**.

1

B.     Hamburg Township is a general law township and Michigan municipal corporation ("Township") organized and existing pursuant to and in accordance with the laws of the State of Michigan and having its offices located at 10405 Merrill Road, Hamburg, Michigan, 48189.

C.     Pursuant to the Michigan Zoning Enabling Act, the Township has duly adopted a Zoning Ordinance which has been amended from time to time.

D.     In 2013, Plaintiff demolished an existing shed located on the Property and constructed a new shed without a land use permit.

E.     In 2013, then again in 2015, Defendant Township notified Plaintiff that a land use permit and/or a variance for the shed was required.

F.     On December 9, 2015, Plaintiff submitted an application for a variance, and on January 13, 2015, the Township Zoning Board of Appeals ("ZBA") denied Plaintiff's request for a variance.

G.     On February 11, 2016, Plaintiff filed his Complaint and Demand for Jury Trial in Livingston County Circuit Court alleging that the Township's actions relating to his shed violated his procedural and substantive due process rights under the Michigan and United States Constitutions and seeking money damages and injunctive and declaratory relief.

H.     The Township removed the case to federal court and filed its Answer and Affirmative Defenses denying the allegations in Plaintiff's Complaint and denying that Plaintiff was entitled to any relief.

I.     The parties now desire to settle this lawsuit in accordance with the terms and conditions of this Consent Judgment and to avoid further costs and expenses and the uncertainty of a trial and an appeal and to resolve this dispute without any admission of liability.

NOW THEREFORE, this Consent Judgment is presented to the Court pursuant to the stipulation and agreement of the parties, and the Court has determined that this Consent Judgment is reasonable and just, and being otherwise fully advised of the premises.

IT IS HEREBY ORDERED AND ADJUDGED that:

1.     <u>Modification of the Shed</u>.  Plaintiff, at his sole cost and expense, shall modify the shed in accordance with the attached plans by September 1, 2017. (***<u>Exhibit B</u>***).

2.     <u>Deposit</u>.   Simultaneously, with his execution of this Consent Judgment, Plaintiff shall deposit USD $2,500.00 in cash or certified funds with the Township ("Deposit") to ensure completion of the modification of the shed and provide funds which the Township can use to remove or demolish the shed in the

event Plaintiff fails to complete the modifications to the shed as required under this Consent Judgment.

3. <u>Building and Other Permits Required</u>. Plaintiff must obtain any required permits, including but not limited to a building permit, from the Livingston County Building Department for the modifications to the shed. Prior to commencing work on the modifications, Plaintiff shall pay to the Township the applicable land use permit fee, and upon payment thereof, the Township shall issue Plaintiff a land use permit for the modifications of the shed. Nothing in this Consent Judgment waives or shall be construed as a waiver of or to relieve Plaintiff of the obligation to comply with other applicable laws, ordinances, codes and regulations, and Plaintiff shall obtain all necessary approvals of other governmental or regulatory entities as needed.

4. <u>Modification Subject to Township Inspection and Approval</u>. The modification of the shed, as required herein, is subject to Township inspection and approval for compliance with this Consent Judgment and the plans (***<u>Exhibit B</u>***). Plaintiff shall notify the Township when the modification of the shed is complete and request inspection and approval thereof. The Township shall inspect the shed and modifications, and if approved the Township shall return the Deposit to Plaintiff.

5.    <u>Failure to Comply</u>.   In the event Plaintiff fails to complete the modification of the shed and request Township approval thereof by September 1, 2017, the shed shall be deemed a nuisance per se.   The Township shall notify Plaintiff in writing of the violation of the Consent Judgment, and it shall have the right to enter on to the Property and to remove and/or demolish the entire shed regardless of whether work to modify the shed has begun.   The Township shall not be required to remove any portion of the shed or related improvements below grade.

6.    <u>Use of Deposit by Township</u>.   The Township shall not be financially responsible for and shall not bear any cost or expense related to the removal or demolition of the shed.   The Township may use the Deposit to pay for any costs of removing or demolishing the shed, including costs relating to contractors, consultants, engineers, attorneys, administrative costs, debris or material removal and disposal, etc.   After removal or demolition of the shed is complete and all costs relating thereto are paid, any remaining Deposit or portion thereof shall be returned to Plaintiff.   Plaintiff agrees to save and hold harmless the Township from any and all costs, expenses, or fees relating in any way to the removal or demolition of the shed or related to enforcement, including but not limited to, and amounts in excess of the Deposit needed for the removal or demolition of the shed.

2:16-cv-11036-RHC-SDD   Doc # 6   Filed 10/04/16   Pg 6 of 18   Pg ID 37

7.    <u>Mutual Releases of Claims and Liability</u>.  Plaintiff Craig Anderson, individually and for his heirs, successors, assigns, attorneys and representatives, and Hamburg Township for itself and its Board of Trustees, elected and appointed officials, Zoning Board of Appeals, departments, employees, independent contractors, consultants, representatives, attorneys, insurers each release and forever discharge each other of and from any and all claims, liability, demands, actions, causes of action, suits, debts, judgments, executions, damages and rights of whatever nature in law, equity or otherwise, which now exist or which may subsequently accrue by reason of any acts, events or facts which now exist or which could have been asserted arising out of the acts, transactions or occurrences which gave rise to United States District Court, Eastern District, Case No. 2:16-cv-11036.   These Mutual Releases of Claims and Liability shall not bar claims brought to enforce the provisions of this Consent Judgment.

8.    <u>Dismissal With Prejudice/Merger</u>.  All claims and causes of action alleged and asserted by Plaintiff Craig Anderson and pending in United States District Court Case No. 16-cv-11036, including all claims for declaratory relief, injunctive relief, equitable relief, money damages, interest, attorneys fees and costs, are hereby dismissed with prejudice and without costs, fees or interest to any party and are otherwise merged into this Consent Judgment and are forever barred.

9.     <u>Full and Complete Settlement</u>.  The parties acknowledge and agree that this Consent Judgment is a full, complete and final compromise and settlement of any and all claims that were or could have been alleged or asserted in this lawsuit.

10.     <u>No Admission of Liability</u>.  It is expressly understood and agreed that the parties' stipulation and agreement to this Consent Judgment is not and shall not be deemed to constitute nor be construed as an admission of liability by either party.

11.     <u>Drafting</u>.  No provision of this Consent Judgment shall be construed against or interpreted to the disadvantage of one party against the other party by any court or other governmental authority by reason of any determination or assertion that one party was chiefly or primarily responsible for having drafted this Consent Judgment.

12.     <u>No Reliance</u>.  Plaintiff and the Township each represent that they have fully investigated all matters pertaining to this Consent Judgment as they deem necessary, and neither is relying on any statements, promise or representation by any other party.

13.     <u>Authority to Execute</u>.  Plaintiff and Township each represent and state that the individuals signing this Consent Judgment are fully authorized to execute

this document and bind their respective parties to the terms and conditions contained herein.

14. <u>Good Faith</u>.   The parties and their respective successors shall cooperate with one another in good faith and shall neither take any action which is contrary to or interferes with the spirit of this Consent Judgment, nor omit any action which is necessary or convenient to or consistent with the spirit and intent of this Consent Judgment.

15. <u>Successors and Assigns</u>.   Plaintiff agrees this Consent Judgment is intended to and shall apply to his heirs, successors and assigns who may own or hold any interest in the Property.

16. <u>Recordation</u>.   This Consent Judgment shall be recorded with the Livingston County Register of Deeds, and the covenants contained herein are declared to be covenants running with the Property and all portions or divisions thereof, and the obligations, duties and rights herein shall be binding on the respective heirs, successors, grantees, and assigns of the parties.

17. <u>Amendments</u>.   The terms of this Consent Judgment may be amended, changed, or modified, but only by written agreement executed by the parties hereto, their successors and/or assigns, and approved and ordered by this Court.

18. <u>Severability</u>.   Each provision, regulations, term and condition in this Consent Judgment is intended to be severable and in the event that any of them are,

for any reason, held to be void, it shall not affect the validity of the remainder of this Consent Judgment.

19.   <u>Enforcement Jurisdiction</u>.  This Court retains jurisdiction to enforce and ensure compliance with the terms of this Consent Judgment.  In the event of a proceeding to enforce this Consent Judgment, any party may seek to recover costs and attorney fees in addition to any other applicable and available relief.

THIS CONSENT JUDGMENT RESOLVES ALL PENDING CLAIMS AND CLOSES THIS CASE.

Dated:  October 4, 2016
                              _s/Robert H. Cleland
                              HONORABLE ROBERT H. CLELAND
                              UNITED STATES DISTRICT COURT JUDGE

Approved and consented to:

| | Hamburg Township |
|---|---|
| */s/ Craig Anderson*<br>Craig Anderson (P28968)<br>Plaintiff, in Pro Per<br>5320 Edgelake Drive<br>Pinckney, MI 48169<br>(313) 310-5102<br>Ca9361@gmail.com | By: */s/ Charles W. Menzies*<br>    Charles W. Menzies,<br>    Deputy Supervisor<br><br>By: */s/ James A. Neilson*<br>    James A. Neilson, Clerk |
| | */s/ Timothy S. Wilhelm*<br>Timothy S. Wilhelm (P67675)<br>Johnson, Rosati, Schultz & Joppich, P.C.<br>Attorneys for Defendant<br>27555 Executive Drive, Suite 250<br>Farmington Hills, MI 48331<br>(248) 489-4100<br>twilhelm@jrsjlaw.com |

proceeding to enforce this Consent Judgment, any party may seek to recover costs

and attorney fees in addition to any other applicable and available relief.

    THIS CONSENT JUDGMENT RESOLVES ALL PENDING CLAIMS AND CLOSES THIS CASE.

_____
HONORABLE ROBERT H. CLELAND
UNITED STATES DISTRICT COURT JUDGE

Approved and consented to:

| | |
|---|---|
| Craig Anderson (P28968)<br>Plaintiff, in Pro Per<br>5320 Edgelake Drive<br>Pinckney, MI 48169<br>(313) 310-5102<br>Ca9361@gmail.com | Hamburg Township<br><br>By: Charles Menzies<br>Charles W. Menzies,<br>Deputy Supervisor<br><br>By: James A. Neilson<br>James A. Neilson, Clerk |
| | Timothy S. Wilhelm (P67675)<br>Johnson, Rosati, Schultz & Joppich, P.C.<br>Attorneys for Defendant<br>27555 Executive Drive, Suite 250<br>Farmington Hills, MI 48331<br>(248) 489-4100<br>twilhelm@jrsjlaw.com |

9

10

## ACKNOWLEDGEMENT

STATE OF MICHIGAN     )
                           )ss

COUNTY OF LIVINGSTON    )

     I, the undersigned, a notary public, certify that on this 23 day of September, 2016, Craig Anderson, personally appeared before me and signed and acknowledged the foregoing Consent Judgment.

_____, Notary Public
Livingston County, Michigan
My Commission Expires: July 31, 2021

**CATT PRYDE**
**Notary Public, Oakland County, MI**
**My Commission Expires: July 31, 2021**
Acting in ___Livingston___ County

## ACKNOWLEDGEMENT

STATE OF MICHIGAN     )
                           )ss

COUNTY OF LIVINGSTON    )

     I, the undersigned, a notary public, certify that on this 21ˢᵗ day of September, 2016, Deputy Supervisor Charles W. Menzies and Clerk James A. Neilson of Hamburg Township, personally appeared before me and signed and acknowledged the foregoing Consent Judgment on behalf of Hamburg Township.

Brittany K. Campbell , Notary Public
Livingston County, Michigan
My Commission Expires: 12/14/2017

**BRITTANY K. CAMPBELL**
**Notary Public, Livingston County, MI**
**My Commission Expires: December 14, 2017**
Acting in ___Livingston___ County

10

11

Exhibit A
to
Consent Judgment
USDC Case No. 2:16-cv-11036

Legal Description

Lot 1, ALLYN BURTON'S LAKE SHORE SUBDIVISION, according to the plat thereof as Recorded in
Plat Liber 6, Page 27, Livingston County Records.
Commonly known as: 5320 Edge Lake Drive, Lakeland, Michigan 48143

Tax ID No. 15-27-101-001





← 65′ →    ↑ TO WATERS EDGE

address
5326 Edgelake
Drive

SOUTH↑

name:
Craig Anderson

House

shed   6′
17′2″

SitePlan

↓EDGELAKE DR    50′ BACK LOT

14

5320 Edgelake Drive

SOUTH ↑



PLAN VIEW

15



5320 Edgelake



6'6"    |'

3/4" roof sheathing    rolled roofing

2x6 rafters 16"o.c.    treated

cedar siding

6'

8'5"

door

2x6 double beams, treated pine    7'5"    4x4 posts, treated pine

6" compacted stone

42"    concrete over compacted stone

WEST SIDE OF SHED

16

5320 Edgelake Drive





WEST ELEVATION

5320 Edgelake Drive



SOUTH ELEVATION